UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY J. THOMPSON,<br><br>               Plaintiff,<br><br>   v.<br><br>STU SHERMAN,<br><br>               Defendant. | Case No. 1:18-cv-01013-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

     Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's Complaint, filed July 16, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff claims that he acted to protect a guard, earning a sentence reduction that was denied by defendant, but his allegations are not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we recommend that the complaint be dismissed without prejudice.

1

## I. COMPLAINT[1]

Plaintiff was incarcerated at Corcoran State Prison ("CSP") during the relevant timeframe. ECF No. 1 at 1. Defendant is the warden at CSP. *Id.* at 2.

> [O]n November 11, 2017, inmate Hodgin . . . got up off the floor and walked to the door where he began to swing with both fists at C/O Logan but was unable to make contact. C/O Logan backed up several times to avoid getting hit. [Plaintiff] then grabbed inmate Hodgin from the upper torso area and knocked him to the floor in an attempt to stop his attempted assault on C/O Logan.

*Id.* at 11. Plaintiff seeks to have this court reduce his sentence and award monetary damages.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct,"

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

the complaint states no claim. *Id.* at 679.

**III.    DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In this case, plaintiff does not allege any basis for relief in federal court because he seeks to correct what he perceives to be an incorrect application of state law. Specifically, plaintiff seeks review of the prison's administrative determination that plaintiff's conduct did not amount to a "heroic act" under the California Code of Regulations. This is a matter for state court. Plaintiff's allegations, liberally construed, do not put forth any theory for relief that could be granted through a § 1983 lawsuit. Therefore, plaintiff's complaint should be dismissed without prejudice to him bringing this action in state court.

**IV.    CONCLUSION**

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim and amendment would be futile.[2]

**V.    ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

---

[2] *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

## VI. RECOMMENDATIONS

The undersigned has screened plaintiff's complaint and finds that plaintiff has failed to state a claim. We recommend that the court dismiss the case without prejudice to him bringing this action in state court.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 2, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204